IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL LOVOY COOK,** } | |
| } | |
|     Movant, } | |
| } | |
| v. } | Case Nos.: 2:10-cv-8029-RDP-RRA |
| } |                2:07-cr-384-RDP-RRA |
| **UNITED STATES OF AMERICA,** } | |
| } | |
|     Respondent. } | |

## MEMORANDUM OPINION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 on June 4, 2010 by Movant Darryl Lovoy Cook ("Movant" or "Cook"), a federal prisoner acting pro se. (Civ. Doc. #1).[1] Movant alleges that he received ineffective assistance from his counsel of record, Mr. Howard ("Hube") Dodd. (Civ. Doc. #2 at 2). This motion has been fully briefed. (*See* Civ. Docs. #2, 4, 8, and 15). Based on the briefs and the evidence in the record, the court concludes that three of Cook's four claims are without merit; however, the most prudent course of action is to hold an evidentiary hearing to resolve one of the issues raised by Cook: whether the Government extended a plea offer that Movant's attorney failed to disclose or adequately discuss with Movant.

### I. PROCEDURAL HISTORY

On November 20, 2007, Movant, along with ten other co-defendants, was indicted on two counts of making and possessing counterfeit security in violation of 18 U.S.C. § 513(a), one count

---

[1] There are two dockets referenced in this memorandum: (1) the underlying criminal trial in which Movant was convicted (United States v. Cook, Case No. 2:07-cr-00384); and (2) the instant civil action brought under 28 U.S.C. § 2255 (Cook v. United States, Case No. 2:10-cv-8029). To avoid confusion, documents from the former criminal docket are marked with "Crim. Doc." and documents from the § 2255 civil docket are marked with "Civ. Doc."

of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, six counts of bank fraud in violation of 18 U.S.C. § 1344, and nine counts of aggravated identify theft in violation of 18 U.S.C. § 1028A. (Crim. Doc. #14). Over the course of the criminal proceedings, all ten of Movant's co-defendants pled guilty. (Crim. Docs. #145, #147, #149, #151, #153, #155, #157, #159, #161, #169).

Before the trial, Cook moved to suppress two sworn statements that he wrote and signed before Postal Inspector John L. Bailey following his arrest. (Crim. Doc. #103). Movant alleged that the statements were not in fact his. (*Id.*). The Government opposed the motion to suppress. (Crim. Doc. #133). To resolve this dispute, Magistrate Judge Robert A. Armstrong, Jr. conducted a hearing on Movant's motion on January 11, 2008. (*See* Crim. Doc. #277). Both Movant and Inspector Bailey, whose signatures appear on the statements, testified during that hearing. (*Id.* at 2). Inspector Bailey testified that Movant was notified of his *Miranda* rights but waived them and that he wrote the statements in question and signed them. (*Id.* at 11, 14). Movant testified that he did not waive his *Miranda* rights and that, while the signatures on the statements were his, he did not see, much less write, most of the statements in the documents. (*Id.* at 58-62). Judge Armstrong noted that Movant "disputed Inspector Bailey's testimony to such a degree that either he or Bailey brazenly lied on the stand." (Crim. Doc. #138 at 1). Based on the testimony and the exhibits presented at the hearing, Judge Armstrong determined that it was Cook who had lied and recommended that the court deny the motion to suppress. (*Id.* at 3).

On March 7, 2008, during the pretrial conference, Movant's counsel indicated that Movant continued to object to the admissibility of the two statements and stated that Movant disputed Judge Armstrong's credibility determination and alleged that the statements had not been made voluntarily. (Crim. Doc. #279 at 3-4). The court therefore conducted a second suppression hearing to address

2

whether the statements had been given voluntarily. During that hearing, Inspector Bailey testified that Movant wrote and signed the statements voluntarily and without coercion. (*Id.* at 54-58). Movant insisted that, while the signature was his, he was forced to sign a mostly blank document and inaccurate information was added after he signed. (*Id.* at 7-9). After considering all of the testimony in light of the evidence, the court found that Cook had written the two statements and that he had done so voluntarily. (*Id.* at 78-79). The court explained, however, to Movant that its findings did not bind the jury, which remained free to believe Movant rather than Inspector Bailey. (*Id.* at 80-81).

Prior to trial, both parties filed proposed jury instructions. (Civ. Docs. # 4-10, 4-11). The proposed jury instructions filed by the government included an instruction regarding aiding and abetting. (Civ. Doc. #4-10 at 18-19). Movant's attorney did not submit a jury instruction on that issue. (*See* Civ. Doc. #4-11). At the close of evidence, the court instructed the jury regarding applicable law and included in its jury instructions an almost-verbatim recitation of the Eleventh Circuit's Pattern Jury Instruction on aiding and abetting. (*Compare* Crim. Doc. #284 at 53-54 *with* Special Instruction 7, Eleventh Circuit Pattern Jury Instructions (Criminal Cases) p. 62 (2010)[2]). The jury convicted Cook on all counts. (Crim. Doc. #284 at 110-12).

The Probation Office prepared a pre-sentence investigation report (Crim. Doc. #262) to which Movant objected (Crim. Doc. #249). During the sentencing hearing, Movant's attorney specifically raised two objections to the report that are relevant to the instant § 2255 motion: (1) he objected to the attribution to Movant of losses caused by his co-conspirators (Crim. Doc. #285 at 3); and (2) he objected to the sentencing enhancement for obstruction of justice based on Movant's perjured testimony (*Id.* at 28). The court overruled those objections because (1) a co-conspirator can

---

[2] *Available at* http://www.ca11.uscourts.gov/documents/jury/crimjury.pdf.

be held liable for the acts of his other co-conspirators which are reasonably foreseeable (*id.* at 7), and, (2) as the record clearly shows, Movant's testimony was perjured in many instances (*id*. at 28-29).

Movant filed a timely notice of appeal. (Crim. Doc. #266). On July 6, 2009, the Eleventh Circuit affirmed Movant's conviction and sentence and entered its judgment. (Crim. Doc. #295). There is no indication in the record that Movant petitioned the Supreme Court of the United States for a writ of *certiorari*. Movant signed this § 2255 motion (Doc. #1) on May 25, 2010, which makes his motion timely.[3] As far as the court is aware, this is not a successive § 2255 motion. The court therefore has jurisdiction to hear this action.

## II.  MOVANT'S ARGUMENT

Movant argues that he is entitled to relief under 28 U.S.C. § 2255 because he was prejudiced by ineffective assistance of counsel. (Civ. Doc. #2 at 2, 19). He articulates four reasons in support of his allegation that his attorney provided him ineffective assistance. First, Movant alleges that his attorney failed to advise him of a plea bargain allegedly offered by the Government and further failed to negotiate a favorable plea agreement. (*Id.* at 3). Second, Movant argues that his attorney failed to request a jury instruction for the "lessor offense" of aiding and abetting. (*Id.* at 8). Third, Movant claims that his attorney failed to properly object to the court's enhancement of his sentence based on the amount of loss attributable to him through the actions of his co-conspirators on the ground that such facts had to be either admitted by Movant or proven beyond reasonable doubt. (*Id.* at 13).

---

[3] The Eleventh Circuit affirmed Movant's conviction and sentence on July 6, 2009, (Crim. Doc. #295). From that day, Movant had 90 days, or until October 5, 2009, to seek review in the United States Supreme Court. Sup. Ct. R. 13(1). It appears that Cook did not seek such review, and thus his conviction became final for the purposes of 28 U.S.C. § 2255 on September 7, 2009. *See Clay v. United States*, 537 U.S. 522, 532 (2003). The statute of limitations for filing a Section 2255 motion is one year from the date the conviction became final. 28 U.S.C. § 2255(f)(1). In this case, the deadline for filing the instant motion was on September 7, 2010, which Movant met.

Finally, Movant argues that his attorney failed to adequately object to the court's enhancement of his sentence for obstruction of justice on the ground that the employment of such judicial fact-finding to enhance Movant's sentence violates the Sixth Amendment. (*Id.* at 15).

### III.  LEGAL STANDARDS

In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show that: (1) his attorney's representation fell below "an objective standard of reasonableness"; and (2) a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a Strickland claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) (cert. denied).

To succeed in proving the "performance" prong, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  When faced with ineffective-assistance claims, "reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (internal citations omitted). The Eleventh Circuit reviews a lawyer's conduct under the "performance" prong with considerable deference, giving lawyers the benefit of the doubt for "heat of the battle" tactical decisions. *Johnson v. Alabama*, 256 F.3d at 1176; *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) ("The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead

the test is . . . whether what they did was within the 'wide range of reasonable professional assistance.'") (internal citations omitted).

To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* As the Eleventh Circuit has explained,

> habeas petitioners must affirmatively prove prejudice because "[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial." "[T]hat the error had some conceivable effect on the outcome of the proceeding" is insufficient to show prejudice.

*Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (quoting *Strickland*).

When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (internal citations omitted) (cert. denied); see also *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

## IV. DISCUSSION

Movant advances four separate assertions in support of his argument that his counsel provided him ineffective assistance: (1) he failed to notify him of a plea bargain offered by the government, (2) he failed to request a jury instruction for the "lessor offense" of aiding and abetting, (3) he failed to object to the attribution of loss caused by his co-conspirators to him, and (4) he failed to object to the enhancement of his sentence for obstruction of justice. The court addresses each of these arguments in turn.

A.  **An Evidentiary Hearing is Appropriate to Determine Whether Movant's Attorney Actually Failed to Notify Movant of a Plea Bargain Offered by the Government**

An evidentiary hearing is appropriate if, accepting all of a movant's alleged facts as true (except those that are contradicted by the record), the movant has alleged facts that, if proven, would entitle him to relief.  *See Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991).  Here, Movant has alleged that his attorney failed to notify him of a plea offer extended by the Government.  (Doc. #2 at 3).  That allegation, if proven, would entitle Movant to relief.  *See Missouri v. Frye*, 132 S. Ct. 1399, 1410-11 (2012); *Betancourt v. Willis*, 814 F.2d 1546, 1548-49 (11th Cir. 1987).  Therefore, Movant is entitled to an evidentiary hearing to resolve two dispositive questions in this case: (1) did the Government extend a plea offer to Movant, and (2) if so, did Mr. Dodd communicate the existence and implications of that plea offer to Movant.

B.  **No Prejudice Arose from the Defense Attorney's Failure to Submit Jury Instructions for Aiding and Abetting**.

Movant alleges that his attorney was ineffective for failing to request a jury instruction for the "lessor included offense" of aiding and abetting. (Civ. Doc. #2 at 8).  This argument misses the mark for two reasons.  First, aiding and abetting is not a lessor offense; it is a principle of accomplice liability.  The United States Code provides that:

> (a)  Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal.
>
> (B)  Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

7

18 U.S.C. § 2. The statute "does not define a crime but merely makes punishable as a principal one who aids and abets another in the commission of a substantive crime." *Powers v. United States*, 470 F.2d 991, 991 (5th Cir. 1972).[4] Because aiding and abetting is not a lessor-included offense, Movant cannot show that his attorney rendered deficient performance by failing to request a jury instruction for a "lessor offense" that does not exist.

Furthermore, Movant cannot show that he was prejudiced by his attorney's failure to request a jury instruction regarding aiding and abetting because, even though his attorney failed to request such a jury instruction, the court nonetheless instructed the jury regarding aiding and abetting, and utilized the pattern jury instruction published by the Eleventh Circuit in doing so. (Crim. Doc. #284 at 53-54). Therefore, Movant cannot demonstrate prejudice and this argument is without merit.

> C.  **Defense Counsel Did Not Give Ineffective Assistance for Failing to Object to the Loss Attributed to Movant but Caused by Movant's Co-conspirators.**

During the sentencing hearing, Movant's counsel objected to the inclusion of loss caused by Movant's co-conspirators in calculating the loss attributable to Movant. (Crim. Doc. #295 at 3). The court overruled this objection because the evidence showed that Movant was guilty of count one of the indictment, which charged Movant with aiding and abetting his co-conspirators to commit bank fraud. (*Id.* at 7; Crim. Doc. #6 at 1). Defendants who aid and abet co-conspirators may be held liable for the actions of their co-conspirators. 18 U.S.C. § 2. Movant's counsel acknowledged that his objection was due to be overruled because of the jury verdict, but proceeded to raise his objection anyway. (Crim. Doc. #295 at 3).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Movant argues that his lawyer's objection was inadequate because he should have argued that *Booker v. United States*, 543, U.S. 220 (2005) requires the facts used to increase Movant's offense level had to have been admitted by Movant or proven to a jury beyond a reasonable doubt. (Civ. Doc. #2 at 14). The failure to raise such an objection, Movant alleges, meant that "the [d]istrict [c]ourt improperly applied extra-verdict sentence enhancements based upon facts that were not admitted to by Petitioner and without submitting the facts that gave rise to said enhancements to a jury to be proved beyond a reasonable doubt." (*Id.* at 13). This argument does not hold water.

The Supreme Court in *Booker* reaffirmed the principle articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 231, citing *Apprendi*, 530 U.S. at 490. The Court in *Booker* also clarified that "statutory maximum" for *Apprendi* purposes "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Id.* (internal citations and emphasis omitted). In the instant case, the loss attribution was premised on the jury verdict, which found that Movant had aided and abetted his co-conspirators in committing bank fraud. As such, the requirements of *Booker* were satisfied. Because there is no constitutional violation to speak of, Movant's attorney cannot be said to have given deficient performance by declined to raise a frivolous argument. Similarly, Movant cannot show prejudice here because a losing argument, whether raised or not, is still a losing argument.

> **D.      Defense Counsel Did Not Give Ineffective Assistance by Failing to Object to the Obstruction of Justice Enhancement under *Booker*.**

Finally, Movant argues that his attorney should have argued that it would be unconstitutional under *Booker* to impose obstruction of justice sentencing enhancements based on Movant's perjured testimony "without the jury being presented with the question as to whether [Movant] actually obstructed justice." (Civ. Doc. #2 at 16-17). This argument misreads *Booker* and it misconstrues the law regarding perjury. When confronted with perjured testimony, courts may choose to proceed down one of multiple paths. Courts may allow the prosecutor to file a perjury charge in a separate proceeding. 18 U.S.C. § 1621(1). A charge that a defendant committed perjury in violation of the perjury statute, 18 U.S.C. § 1621, is of course a criminal charge that must be proven to a jury beyond a reasonable doubt. However, this is not the only way a court may address perjured testimony. For example, if a court thinks the perjury was so severe that it rose to a level that obstructed justice, that court may find the defendant in contempt of the court and punish the defendant directly pursuant to its ordinary judicial powers. 18 U.S.C. § 401(1). More importantly for purposes of this issue, the Supreme Court has held that a sentencing court may use its observations of a defendant's false testimony when setting the sentence. *United States v. Grayson*, 438 U.S. 41, 50 (1978). Such a finding does not require a jury verdict. *Id.* at 53-54. The United States Sentencing Guidelines reflect this rule by listing obstruction of justice (including perjury) as a sentencing enhancement under USSG § 3C1.1. In *Booker*, the Supreme Court specifically cautioned that its holding did not change the rule articulated in *Grayson*, noting that "the judge could have considered Booker's obstruction of justice, his criminal history, and all other real offense and offender factors without violating the Sixth Amendment." 543 U.S. at 273. The court's consideration of Movant's perjured testimony in

light of USSG § 3C1.1 when setting Movant's sentence, therefore, does not violate Movant's Sixth Amendment rights established by *Booker*. As the Eleventh Circuit has explained, "all nine [justices in *Booker*] agreed that the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

Practically speaking, Movant's argument amounts to a requirement that the Government must always initiate a separate prosecution for perjury, a proposition that the Supreme Court has at least twice flatly rejected. *See United States v. Dunnigan*, 507 US 87, 89 (1993); *Grayson*, 438 U.S. at 53-54. Because there is no merit behind this legal argument, Movant's attorney did not perform deficiently for failing to raise it and, in any event, Movant cannot prove prejudice.

## V.  CONCLUSION

The most prudent course of action is to hold an evidentiary hearing to resolve factual questions concerning Movant's allegation that his attorney failed to notify him of a plea offer. Movant's other arguments are without merit, so the only issues to be addressed at the evidentiary hearing are whether (1) the Government extended a plea offer to Movant, and (2) if so, whether Mr. Dodd communicated the existence and implications of that plea offer to Movant. An order consistent with this memorandum decision will be entered.

**DONE** and **ORDERED** this ___21st___ day of June, 2013.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE