# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL LOVOY COOK,** | } |
| Movant, | } |
| v. | } Case Nos.: 2:10-cv-8029-RDP-RRA |
| | } 2:07-cr-384-RDP-RRA |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

## MEMORANDUM OPINION

Before the court are two motions filed by Movant that effectively request the same relief. First, Movant has filed a motion to subpoena evidence pursuant to Federal Rule of Civil Procedure 45 in connection with his § 2255 Motion. (Doc. #21). Movant has also filed a "Motion for Additional Consideration at Evidentiary Hearing," which requests the court to initiate an investigation against the Government and order all officer, agents, and prosecutors to submit evidence related to Movant's theory that a massive conspiracy has been undertaken to commit fraud against this court. (Doc. #22). The court will address Movant's motions in turn. But first, a brief exposition of relevant events that occurred during the criminal proceedings and earlier in this § 2255 case will help put these motions in context.

In the underlying criminal proceedings, Movant moved to suppress two sworn statements that he wrote and signed before Postal Inspector John L. Bailey, alleging that the statements were forged. (Crim. Doc. #103).[1] To resolve this dispute, Magistrate Judge Robert A. Armstrong, Jr. conducted a hearing on Movant's motion on January 11, 2008. (Crim. Doc. #277). Both Movant and Inspector

---

[1] To avoid confusion, documents from the docket in the underlying criminal case, *United States v. Cook*, 2:07-cr-384-RDP-RRA, are marked with "Crim. Doc." to distinguish them from documents for the instant § 2255 motion.

Bailey, whose signatures appear on the statements, testified during that hearing. (*Id.* at 2). Inspector Bailey testified that Movant was notified of his *Miranda* rights but waived them and that he wrote the statements in question and signed them. (*Id.* at 11, 14). Movant testified that he did not waive his *Miranda* rights and that, while the signatures on the statements were his, he did not see, much less write, most of the statements in the documents. (*Id.* at 58-62). Judge Armstrong noted that Movant "disputed Inspector Bailey's testimony to such a degree that either he or Bailey brazenly lied on the stand." (Crim. Doc. #138 at 1). Based on the testimony and the exhibits presented at the hearing, Judge Armstrong determined that it was Movant who lied and recommended that the court deny the motion to suppress. (*Id.* at 3).

Movant's current motions continue to allege that Inspector Bailey forged Movant's sworn statements, and ask the court for leave to investigate police and Government documents and metadata. As a preliminary matter, the court notes that it cannot entertain these arguments in this § 2255 proceeding because Movant's argument is not cognizable under § 2255.

The threshold question the court must consider in a § 2255 case is whether the movant has stated a claim cognizable under § 2255. *Lynn v. U.S.*, 365 F.3d 1225, 1233 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *United States v. Addonizio*, 442 U.S. 178, 184–86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988); *Kett v. United States*, 722 F.2d 687, 690 (11th Cir. 1984). Consequently, the Eleventh Circuit has consistently held that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in

direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d at 966 (internal citations omitted). In order to fall under the "fundamental miscarriage of justice" exception, the movant must show that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent[ .]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Movant has not properly alleged (1) a violation of a constitutional right or (2) that there was a fundamental miscarriage of justice because he was wrongfully convicted and is actually innocent. Rather, his failings simply amount to an attempt to relitigate an evidentiary question that was resolved at trial.

Both Movant's motions are due to be denied on the ground that they seek relief that is not cognizable in this § 2255 proceeding. For purposes of thoroughness, the court now turns to each motion and finds that they are due to be denied for other reasons as well.

**I.      The Motion for Discovery**

Movant requests the following discovery:

1) Access to the electronic hard drive, server, or any other electronic device in which Movant's manufactured checks are stored in order to inspect the authenticity of the documents that form the basis of his conviction. (Doc. #21 at 1).

2) Sworn depositions by all named parties as to the outcome of the investigation and their participation in relation to the documents. (*Id.* at 2).

3) Access to the metadata on the Government's hard drives and servers. (*Id.*).

Movant further moves to prohibit the Government from objecting to this discovery request. (*Id.*). For the following reasons, this motion is due to be denied.

Two principles guide the court's decision. First, federal habeas petitions are only technically categorized as civil actions; "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Habeas petitions seek to collaterally attack judgments reached in cases where discovery has already been conducted. As such, the Supreme Court held in *Harris v. Nelson*, 394 U.S. 286, 295 (1969), that the "broad discovery provisions" of the Federal Rules of Civil Procedure do not apply in habeas proceedings. To address the particular concerns that arise in federal habeas proceedings, the Supreme Court promulgated, and Congress adopted, the Rules Governing § 2254 and 2255 Proceedings.[2] Particularly relevant for this issue is Rule 6(a) of the Rules Governing Section 2255 Proceedings, which provides that a judge may, "for good cause," authorize a party to conduct discovery. What constitutes "good cause" is expounded upon in the Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Proceedings[3] to include reasons that are based, not in fantasy, but in specific allegations that give the court reason to believe that the movant's allegations, if proven, show that the movant is illegally incarcerated.

The second principle that weighs heavily in the court's decision is the procedural default rule. A collateral challenge, such as a § 2255 motion, may not serve as a substitute for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Therefore, under the procedural default rule, in most instances a defendant must assert all available claims to challenge his conviction or sentence on direct appeal or else be barred from

---

[2] *Available at* http://www.uscourts.gov/uscourts/rules/2254-2255.pdf.

[3] The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2255 Proceedings state that the discussion in the Advisory Committee Notes for Rule 6 of the Rules Governing Section 2254 apply fully to both § 2254 and 2255 proceedings.

presenting that claim in a § 2255 proceeding. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A claim not raised on direct appeal is procedurally defaulted unless the movant can establish cause and prejudice for his failure to assert his claims on direct appeal. *McCoy v. United States*, 266 F. 3d 1245, 1258 (11th Cir. 2001).

Putting these principles together, there is an insufficient basis to justify granting discovery here. Movant seeks discovery to show (without providing any colorable basis to suspect) that the Government and law enforcement officials conspired to create forged documents in order to frame him with creating counterfeit securities. (Doc. #21). Movant simply has not shown "good cause" to conduct this discovery.

Furthermore, there is an alternative reason to preclude this discovery. The court notes that the arguments for which these discovery requests have been made could have been raised at trial and on direct appeal. The fact that Movant did not successfully pursue such a strategy at trial or on appeal means that he is not entitled to a second bite at the apple here. Because the argument underlying this discovery request is procedurally defaulted, Petitioner is not entitled to conduct this discovery in relation to the argument.

## II.     The Motion for Additional Consideration

In its June 21, 2013 Memorandum Opinion, the court concluded that an evidentiary hearing is appropriate to determine a very limited issue: whether as Movant has alleged, his attorney actually failed to notify Movant of a plea bargain offered by the Government.[4] (Doc. # 18 at 7). In a recently-

---

[4]As the court noted:

> An evidentiary hearing is appropriate if, accepting all of a Movant's alleged facts as true (except those that are contradicted by the record), the Movant has alleged facts that, if proven, would entitle him to relief. *See Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991). Here, Movant has alleged that his attorney failed to

filed "Motion for Additional Consideration," Movant requests the court to expand that evidentiary hearing into a full investigation of an issue already addressed at the criminal trial: whether Inspector Baily created false documents to falsely imprison Movant. (Doc. #22 at 3). In addition, Movant's request that the court expand its inquiry to entertain this accusation of perjury must be denied for yet another reason — his allegation is belied by the record.

As the court noted in its June 21, 2013 Memorandum Opinion, an evidentiary hearing "is appropriate if, accepting all of a movant's alleged facts as true (*except those that are contradicted by the record*), the movant has alleged facts that, if proven, would entitle him to relief." (Doc. #18 at 7) (emphasis added). However, "[a]n evidentiary hearing is warranted only if there are material facts that were not adequately developed either in the federal district court or in the state habeas corpus proceedings." *Futch v. Dugger*, 874 F. 2d 1483, 1485 (11th Cir. 1989). In this case, the record is clear and adequately developed. An evidentiary hearing was held in the underlying criminal trial to resolve whether the two sworn statements bearing Movant's signature are authentic. (Crim. Doc. #277). This question was answered at that hearing and Movant had an opportunity to challenge that ruling on direct appeal. Accordingly, Movant is not entitled to litigate these claims in this proceeding. Therefore, Movant's motion to, in effect, conduct a second evidentiary hearing related to a matter already settled during the previous criminal proceedings is due to be denied.

---

notify him of a plea offer extended by the Government. (Doc. #2 at 3). That allegation, if proven, would entitle Movant to relief. See *Missouri v. Frye*, 132 S. Ct. 1399, 1410-11 (2012); *Betancourt v. Willis*, 814 F.2d 1546, 1548-49 (11th Cir. 1987). Therefore, Movant is entitled to an evidentiary hearing to resolve two dispositive questions in this case: (1) did the Government extend a plea offer to Movant, and (2) if so, did Mr. Dodd communicate the existence and implications of that plea offer to Movant.

(Doc. #18 at 7).

6

### III.     Conclusion

For the reasons discussed above, Movant's motion to subpoena evidence pursuant to Fed. R. Civ. P. 45 (Doc. #21) and "Motion for Additional Consideration" (Doc. #22) are due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this ____3rd____ day of July, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE